1
2
3
4
5
6
7
8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARK A. SALAZAR,                         No.  2:18-CV-1096-DMC

12             Plaintiff,

13       v.                                    MEMORANDUM OPINION AND ORDER

14    COMMISSIONER OF SOCIAL
      SECURITY,
15
               Defendant.
16

17

18             Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19    review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20    Pursuant to the written consent of all parties (ECF Nos. 8 and 9), this case is before the

21    undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28

22    U.S.C. § 636(c).  Pending before the Court are the parties' briefs on the merits (ECF Nos. 18 and

23    23).

24             The Court reviews the Commissioner's final decision to determine whether it is:

25    (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

26    whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

27    more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

28    (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support

                                              1

a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. <u>See</u> <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986); <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. <u>See</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. <u>See</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, <u>see</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. <u>See</u> 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). The sequential evaluation proceeds as follows:

Step 1     Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2     If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3     If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

/ / /

2

| | | |
|---|---|---|
| Step 4 | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

3

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on July 25, 2014.  See CAR 24.[1]  In the application, Plaintiff claims disability began on April 26, 2013.  See id.  Plaintiff's claim was initially denied.  Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on November 17, 2016, before Administrative Law Judge (ALJ) Curtis Renoe.  In a March 13, 2017, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

> 1.  The claimant has the following severe impairment(s): degenerative disc disease of the lumbar spine with facet arthropathy at L5-S1 with right side radiculopathy, bilateral hip bursitis and left shoulder strain;
>
> 2.  The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;
>
> 3.  The claimant has the following residual functional capacity: claimant has the residual functional capacity to perform less than the full range of light work. The claimant could lift/carry 20 pounds occasionally and 10 pounds frequently. He could stand/walk and/or sit for six hours in an eight-hour workday, push/pull as much as can lift/carry. He could frequently overhead reach to the left. The claimant can climb ramps and stairs frequently, climb ladders, ropes, or scaffolds occasionally, stoop frequently, kneel frequently, crouch frequently, and crawl occasionally;
>
> 4.  Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> See id. at 26-32.

After the Appeals Council declined review on March 7, 2018, this appeal followed.

/ / /

/ / /

/ / /

/ / /

_____

[1]  Citations are the to the Certified Administrative Record (CAR) lodged on November 7, 2018 (ECF No. 13).

4

# III. DISCUSSION

In his opening brief, Plaintiff argues the ALJ failed to articulate specific and legitimate reasons for rejecting Dr. Abelow's[2] opinion regarding Plaintiff's lifting ability and left arm use. "The ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). The ALJ errs by not explicitly rejecting a medical opinion. See Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ also errs by failing to set forth sufficient reasons for crediting one medical opinion over another. See id.

Under the regulations, only "licensed physicians and certain qualified specialists" are considered acceptable medical sources. 20 C.F.R. § 404.1513(a); see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Where the acceptable medical source opinion is based on an examination, the ". . . physician's opinion alone constitutes substantial evidence, because it rests on his own independent examination of the claimant." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The opinions of non-examining professionals may also constitute substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Social workers are not considered an acceptable medical source. See Turner v. Comm'r of Soc. Sec. Admin., 613 F.3d 1217, 1223-24 (9th Cir. 2010). Nurse practitioners and physician assistants also are not acceptable medical sources. See Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016). Opinions from "other sources" such as nurse practitioners, physician assistants, and social workers may be discounted provided the ALJ provides reasons germane to each source for doing so. See Popa v. Berryhill, 872 F.3d 901, 906 (9th Cir. 2017), but see Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(f)(1) and describing circumstance when opinions from "other sources" may be considered acceptable medical opinions).

/ / /

/ / /

---

[2] The ALJ's opinion mistakenly refers to Dr. Abelow as "Dr. Abelin."

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given to the opinion of a non-examining professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the Court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester, 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  See id. at 831.  In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111,

/ / /

6

1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

### A. ALJ's Analysis

At Step 4, the ALJ evaluated the medical opinion evidence to determine Plaintiff's residual functional capacity. See CAR 29-30. The ALJ discussed the opinions of Drs. Williams and Pham, State agency-reviewing physicians. See id. The ALJ found:

> [The claimant's] allegations are inconsistent with medical opinions that show that the claimant has considerable work related abilities despite his impairments.
>
> To illustrate, on November 17, 2014, State agency reviewing physician, G. Williams, M.D., opined that the claimant could lift/carry 50 pounds occasionally and 25 pounds frequently. He could stand/walk and/or sit (with normal breaks) for a total of about six hours in an eight-hour workday. He can frequently overhead reach on the left (Exhibit 1A).
>
> On January 15, 2015, Stage agency-reviewing physician, H. Pham, M.D., reviewed the medical evidence and generally concurred with Dr. Williams, but further limited the claims as to postural activities. Dr. Pham opined that claimant could frequently stoop and crawl. He could occasionally climb ladders/ropes/scaffolds (Exhibit 3A).
>
> The undersigned has considered the opinions of the above referenced physicians in accordance with the Regulations including 20 CFR 404.1527 as well as SSRs 96-2p, 96-5p, and 06-03p.
>
> State agency reviewing physicians are non-examining physicians who are experts in Social Security disability evaluation and the evidentiary requirements of the program. The Regulations require we consider such medical opinions and require we consider the same factors in considering such opinions as we would in considering treating and examining physician opinions, i.e. supportability, consistency, specialization, and any other factors tending to support or contradict the opinion (20 CFR 404.1527).
>
> The undersigned gave significant weight to Drs. Williams and Pham's medical opinions (Exhibit 1A; Exhibit 3A). The reviewing consultants referenced objective medical evidence of record within their reports in making their conclusions. These opinions are also consistent with the above discussed progress notes that show that the claimant's condition is well controlled.
>
> The AME doctor, Stephen P. Abelin, M.D., opined that claimant is unable to return to his usual and customary occupation (Exhibit 5F). Appropriate weight is given to this opinion. However, this is an issue reserved for the Commissioner.
>
> Id. at 29-30.

**B.**     <u>**Plaintiff's Contentions**</u>

Plaintiff argues the ALJ committed reversible error by rejecting Dr. Abelow's opinion regarding Plaintiff's lifting and left arm capabilities. According to Plaintiff:

> . . .Dr. Abelow opined that based upon reasonable medical probability the following:
>
> > Mr. Mark Salazar currently experiences a disability referable to his back, which is a disability precluding heavy lifting greater than 20 to 30 pounds, except on an occasional basis, and repetitive, prolonged bending, stooping, pushing, pulling, and climbing. He experiences a disability referable to his left shoulder girdle, which is a disability precluding repetitive use of 'the left arm at or above shoulder level.
> >
> > It is my further opinion that these restrictions would preclude him from returning to his customary and usual job as that of a forklift driver for C&S Wholesale Grocers.
>
> AR 517.
>
> > \* \* \*
>
> The ALJ summarized Dr. Abelow's opinion as opining that Salazar cannot return to his usual customary occupation, citing exhibit 5F. AR 30. The ALJ then proceeded to give it appropriate weight, as this issue is reserved for the Commissioner. <u>Id.</u> However, the ALJ failed to articulate specific and legitimate reasons, let alone a single reason, for rejecting the lifting limitation and repetitive use of the left arm opinion from Dr. Abelow, which is reversible error. <u>Lester</u>, 81 F.3d at 830-31; See also SSR 96-8p, (ALJ must explain for not adopting any medical source statement in the record). The ALJ, instead, focused on Dr. Abelow's other opinion of not being able to return to his past work as a forklift driver; which does not serve to explain why the ALJ rejected the limitation to the preclusion of lifting greater than 20 pounds to 30 pounds. AR 30, 517.
>
> The issue materializes because Dr. Abelow limited Salazar from heavy lifting greater than 20 to 30 pounds, except on an occasional basis. The ALJ limited Salazar from lifting 10 pounds frequently and 20 pounds occasionally. AR 27. Dr. Abelow preclusion of lifting greater than 20 pounds conflicts with the ceiling of light exertional work – 20 pounds. The issue lies with the ambiguity of the proceeding comma " , except on an occasional basis, " which the ALJ did not even address. This independent clause created an ambiguity for the ALJ to arbitrate, and the ALJ failed to do so or even acknowledge it. <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1041-42 (9th Cir. 2008). Especially, since that entire limitation could be read to mean that Salazar cannot lift one to 19 pounds, except on an occasional basis and cannot lift 20 to 30 pounds; or that Salazar can lift only up to 19 pounds on an occasional basis and cannot lift 20 to 30 pounds.
>
> ECF No. 18, p. 5-7.

///

8

C.  **Disposition**

Defendant contends this Court should affirm the ALJ's findings for two reasons: (1) the ALJ did not reject Dr. Abelow's opinion because the ALJ's findings are consistent with Dr. Abelow's conclusions, and (2) any error committed by the ALJ was harmless because it had no effect on the RFC finding and, by extension, the ALJ's non-disability determination. For the reasons discussed below, this Court agrees and affirms the Commissioner's final decision.

1.  ALJ's Findings Are Consistent with Dr. Abelow's Conclusions

Plaintiff argues the ALJ did not provide sufficient justification for rejecting Dr. Abelow's opinion concerning his lifting and left arm capabilities. Defendant, however, insists the ALJ's findings are consistent with Dr. Abelow's conclusions. Defendant argues:

> ALJ's RFC finding limited Plaintiff to lifting/carrying 20 pounds occasionally and 10 pounds frequently, and frequent overhead reaching to the left (AR 27). In comparison, Dr. Abelow limited Plaintiff from "lifting greater than 20 to 30 pounds, except on an occasional basis" and "repetitive use of the left arm at or above shoulder level" (AR 517). There is no facial distinction between the ALJ's RFC finding and Dr. Abelow's assessed limitations, and this Court should defer to the ALJ's rational interpretation of the record. See Burch, 400 F.3d at 680-81; see also Tommasetti v. Astrue, 533 F.3d 1035, 1041-42 (9th Cir. 2008) ("The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence").

ECF No. 23, p. 8.

Turning first to Plaintiff's lifting ability, this Court finds the ALJ properly considered Dr. Abelow's opinion. According to Plaintiff, Dr. Abelow limited Plaintiff from lifting more than 20 to 30 pounds, except on occasion. This opinion does not implicate Plaintiff's inability to lift less than or equal to this amount. "Light work" requires an individual to be able to lift up to 20 pounds. See 20 C.F.R. § 404.1567(b). Thus, the ALJ ruled in accordance with Dr. Abelow's opinion in finding that Plaintiff could perform less than the full range of light work. In fact, the RFC is more restrictive than Dr. Abelow's opinion.

/ / /

/ / /

/ / /

/ / /

Plaintiff further argues Dr. Abelow's opinion is ambiguous and "except on an occasional basis" could be interpreted in the following two ways:

> Salazar cannot lift one to 19 pounds, except on an occasional basis and cannot lift 20 to 30 pounds; or that Salazar can lift only up to 19 pounds on an occasional basis and cannot lift 20 to 30 pounds.

ECF No. 18, p. 7.

This Court, however, finds no ambiguity in Dr. Abelow's opinion. Further, the Court fails to see how Dr. Abelow's statement could reasonably be interpreted to refer to Plaintiff's ability to lift less than 20 pounds.

Even if this Court found his statement ambiguous, there is still no error. To the extent "except on an occasional basis" creates any ambiguity in Plaintiff's capabilities, this Court finds the ALJ rationally interpreted Dr. Abelow's opinion. See Tommasetti, 533 F.3d at 1041-42 ("The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

Turning next to Plaintiff's left arm use, this Court similarly finds no inconsistencies between the ALJ's RFC and Dr. Abelow's recommendation. Dr. Abelow opined that Plaintiff's injuries precluded repetitive use of his left arm at or above the shoulder level. Plaintiff argues the ALJ's decision, in finding Plaintiff could "frequently overhead reach to the left," is a rejection of Dr. Abelow's opinion. Plaintiff's argument, however, conflates the meaning of "repetitive" and "frequent." That is, Plaintiff's argument assumes Dr. Abelow's prohibition of repetitive use extends to frequent use. The Court does not agree. In Social Security contexts, "frequent" means one-third to two-thirds of the time. See SSR 83-10, 1983 WL 31251, at *5. While the agency does not define "repetitive," the Ninth Circuit suggests its meaning differs from "frequent":

> Although we do not base our holding on this point, we note that "repetitively" in this context appears to refer to a qualitative characteristic-i.e., how one uses his hands, or what type of motion is required-whereas "constantly" and "frequently" seem to describe a quantitative characteristic-i.e., how often one uses his hands in a certain manner. Under this reading, a job might require that an employee use his hands in a repetitive manner frequently, or it might require him to use his hands in a repetitive manner constantly. The VE's testimony suggests that someone who cannot use his hands constantly in a repetitive manner, but can use his hands frequently in a repetitive manner, could perform the jobs of

electronics worker and marker. The ALJ's RFC finding, however, suggested that Gardner should not use his hands in a repetitive manner at all, whether constantly or frequently.

Gardner v. Astrue, 257 Fed. Appx. 28, 30, n. 5 (9th Cir. 2007).

Multiple districts have relied on the Ninth Circuit's Gardner opinion by refusing to equate the meanings of "repetitive" and "frequent." See, e.g., Everett v. Astrue, 2012 WL 1965958, at *38 (E.D. Cal. May 30, 2012) ("Plaintiff asks the Court to conflate the meanings of repetitive and frequent, which the Court will not do."); Haro v. Colvin, 2014 WL 4929032, at *16 (C.D. Cal. Sep. 30, 2014) ("At best, 'repetitive,' using Plaintiff's definition, only partially covers the level of activity defined as 'frequent.'"). Thus, the ALJ did not reject Dr. Abelow's prohibition of repetitive use by holding Plaintiff could frequently use his left arm.

Even if this Court accepted that "frequent" is interchangeable with "repetitive," the Court finds no error. If anything, Plaintiff's argument only confirms there is more than one reasonable interpretation of Dr. Abelow's opinion. When ambiguities in the medical evidence arise, the interpretation which supports the ALJ's decision must be upheld. See Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); see, e.g., Everett, 2012 WL 1965958, at *40 (stating plaintiff's argument that "repetitive" exceeds the definition of "frequent" indicates multiple interpretations of evidence, not reversible error).

Based on the preceding, Plaintiff fails to show the ALJ rejected Dr. Abelow's opinion regarding Plaintiff's lifting and left arm capabilities. In fact, the ALJ's holding limits Plaintiff's functional capacity more than Dr. Abelow's opinion. The ALJ did not reject Dr. Abelow's opinion. Rather, it rejected Plaintiff's own allegation that he is incapable of work of any kind. Thus, the ALJ's actions did not warrant "specific and legitimate" reasoning. The Court finds no reversible error.[3]

/ / /

/ / /

_____

[3]       Plaintiff and Defendant dispute the proper remedy to be issued on remand. Because the Court finds no error, it declines to address the merits of these arguments.

11

1          2.      Harmless Error

2                  The Ninth Circuit applies the "harmless error" standard when considering an

3   ALJ's failure to provide legally sufficient reasons supported by the record for rejecting a medical

4   opinion.  See Widmark v. Barnhart, 454 F.3d 1063, 1069 n.4 (9th Cir. 2006).  An error is

5   harmless if no reasonable ALJ could have reached a different conclusion had the error not

6   occurred.  See Stout v. Commissioner of Social Security, 454 F.3d 1050 (9th Cir. 2006).

7                  Defendant argues that even if the ALJ did err in failing to provide specific and

8   legitimate reasons with respect to Dr. Abelow's opinion, any error is harmless because fully

9   accepting Dr. Abelow's opinion would not have altered the ALJ's non-disability determination.

10  The Court agrees.  Dr. Abelow's opinion afforded Plaintiff greater physical capabilities than the

11  ALJ.  For example, Dr. Abelow opined Plaintiff could lift more than 20 to 30 pounds on occasion

12  while the ALJ limited Plaintiff to light work, i.e. less than 20 pounds.  Defendant asserts, and this

13  Court agrees, any discrepancy between Dr. Abelow's opinion and the ALJ's findings was

14  resolved in Plaintiff's favor.  Therefore, adopting Dr. Abelow's opinion as written would not have

15  altered Plaintiff's RFC and, by extension, the outcome of this case.  Thus, to the extent the ALJ

16  erred by rejecting opinions expressed by Dr. Abelow without explanation, any error was harmless

17  because no reasonable ALJ could have reached a different conclusion had the doctor's opinions

18  been fully credited.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

# V.  CONCLUSION

Based on the foregoing, the Court concludes the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

        1.      Plaintiff's motion for summary judgment (ECF No. 18) is denied;

        2.      Defendant's motion for summary judgment (ECF No. 23) is granted;

        3.      The Commissioner's final decision is affirmed; and

        4.      The Clerk of the Court is directed to enter judgment and close this file.

Dated:  August 2, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE